ANTONIO R. MATOS, recurrente, *v.* EL REGISTRADOR DE LA PROPIEDAD DE SAN JUAN, SECCIÓN SEGUNDA, recurrido.

No. 962.—*Sometido:* Noviembre 4, 1935. *Resuelto:* Noviembre 30, 1935.

*H. Torres Solá,* abogado del recurrente; el registrador recurrido no compareció.

El Juez Asociado Señor Aldrey, emitió la opinión del tribunal.

El 29 de agosto de 1923 (pág. 37) fué aprobada la Ley núm. 12 ''Regulando el procedimiento para la cancelación de gravámenes y menciones de derecho y la extinción de ciertas inscripciones y anotaciones, por lapso de tiempo, en el Registro de la Propiedad.'' En la sección 3ª. de esa ley se dispone lo siguiente: ''Los registradores de la propiedad procederán a cancelar de oficio o a instancia de parte las anotaciones de embargo por razón de contribuciones, al transcurrir un año desde la fecha de la anotación.''

Fundándose en el precepto mencionado solicitó Antonio R. Matos del Registrador de la Propiedad de San Juan, Sección Segunda, en 15 de agosto de 1935, que cancelase un embargo que por $240 había trabado el Tesorero de Puerto Rico y había sido anotado un año antes en el Registro de la Propiedad, sobre cierta finca del Sr. Matos para responder al pago de cuotas por indemnización a obreros. El registrador negó la cancelación interesada y el dueño de la finca así gravada interpuso este recurso.

El Registrador fundó su negativa de cancelación en lo siguiente:

'' . . . Porque los asientos que mandó a cancelar de oficio la Ley núm. 12 de 1923 fueron los que se habían extendido en los libros especiales establecidos por la Ley de 15 de marzo de 1909 de embargos anotados por falta de pago de las contribuciones territoriales impuestas con arreglo al Código Político (art. 341) y no para cancelar derechos no reconocidos hasta entonces como son las contribuciones por indemnizaciones a obreros, que es de la que se trata, mandadas practicar por la ley 14 de 1933 que dispone se anoten a continuación

de la inscripción de la finca del contribuyente o por nota marginal en los libros de inscripciones que existen en el Registro de la Propiedad desde su instalación conforme a la Ley Hipotecaria en 1880; porque en la sección 1ª se declara como gravamen preferente durante tres años con efecto retroactivo los créditos hipotecarios y otros pero exceptúa las contribuciones; porque la sección 5ª fija para su cobro el mismo procedimiento que el establecido para hacer efectivas las contribuciones sobre la propiedad; y porque el Tesorero de Puerto Rico en circular de 9 de enero de 1934 (aprobada por el Attorney General) ordenó a los colectores de rentas internas que cumplieran estrictamente esa disposición legal y enviaran a los registradores de la propiedad la forma correspondiente para que anotaran los embargos en el tomo en que lo estuviera la finca del contribuyente; y porque el párrafo final del art. 168 de la Ley Hipotecaria que establecía hipoteca legal en favor del Estado, provincias y pueblos por el importe de una anualidad vencida y no pagada por los impuestos que graviten sobre los bienes fué enmendada por la ley de 14 de marzo de 1907 y desde entonces garantiza las contribuciones de los tres últimos años y la anualidad corriente; y que para cancelar cualesquiera otros embargos, según la sección 1(b) de la ley en que se funda el solicitante, han de transcurrir por lo menos cuatro años.''

■ Está equivocado el registrador al negar la cancelación interesada, porque la anotación de embargo por falta de pago de las cuotas para indemnizaciones a obreros no surge de la Ley núm. 14 de 1933 ((2) pág. 77) pues antes de ella había dispuesto la Ley núm. 19 de 1916 (pág. 51) que para el cobro de dichas cuotas se seguirá por el Tesorero el mismo procedimiento que para el cobro de la contribución territorial, en el cual se puede hacer embargo de bienes con anotación en el Registro, por lo que el Tesorero podía embargar y hacer anotar embargos por falta de pago de las cuotas para obreros. Lo que dispuso la ley de 1933 fué que de tal clase de embargos se tomase nota al margen o a continuación de las inscripciones de las fincas o derechos reales del contribuyente, mientras que según la ley de 1916 los embargos que trababa el Tesorero se anotaran en libros especiales que habían sido creados.

 Lo dispuesto en la sección 1, apartado (*b*), de la ley de 1923 en que se funda el registrador para decir que han de transcurrir cuatro años para que la cancelación de embargo interesada pueda hacerse, no es aplicable al presente caso porque la misma se refiere exclusivamente a anotaciones de embargo hechas en virtud de mandamiento judicial.

La referencia que hace el registrador a la sección 1ª. de la Ley núm. 14 de 1933 no es correcta por cuanto la misma no declara gravamen preferente durante tres años con efecto retroactivo los créditos hipotecarios y refaccionarios con excepción de las contribuciones, sino establece que los mismos tendrán preferencia a toda otra carga o gravamen por contribuciones o por cualquier otro concepto, excepción hecha de las contribuciones sobre la propiedad gravada correspondiente a tres años y la anualidad corriente. Tal como es la ley, no vemos qué aplicación pueda tener, porque si bien es verdad, como parece querer darse a entender por el registrador, que la cancelación por el transcurso de un año de anotaciones de embargo por contribuciones que no sean territoriales tendría el efecto de anular la preferencia que para su cobro se obtiene sólo en virtud de tales anotaciones, sin que lo mismo ocurra en cuanto a los embargos por contribuciones territoriales, respecto de las cuales subsistiría no obstante el gravamen tácito reconocido en ley, basta tener presente que habiendo de seguirse para el cobro de las contribuciones o cuotas de indemnización a obreros el mismo procedimiento que para el cobro de las contribuciones territoriales, su tramitación completa debe con arreglo a la ley tener lugar dentro de un período máximo inferior a un año, para concluir que el extremo indicado dejaría de tener importancia.

 Para terminar podemos decir que la sección 3ª. de la ley a que venimos refiriéndonos ordena la cancelación de anotaciones de embargo por razón de contribuciones dentro de un año de practicadas, sin distinguir entre si tales contribuciones son debidas por contribución territorial o por

cuotas para indemnización a obreros, por lo que es aplicable a todos los embargos hechos por el Tesorero.

*La nota recurrida debe ser revocada y ordenarse la cancelación solicitada por el recurrente.*